UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| JAMES M. LOVEDAY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:05-cv-572 |
|  | ) | *Phillips* |
| WAYNE BRANDON, Warden, | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and accompanying Order upon the respondent and the Attorney General for The State of Tennessee. However, for the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this action will be **DISMISSED**.

Petitioner James M. Loveday ("Loveday") challenges his convictions for attempted first degree murder (one count), aggravated assault (four counts), and reckless endangerment (two counts). The convictions were affirmed on direct appeal. *State v. Loveday*, No. E1999-02072-CCA-R3-CD, 2001 WL 101804 (Tenn. Crim. App. February 8, 2001), *perm. app. denied, id.* (Tenn. June 25, 2001).

Loveday next filed a petition for post-conviction relief, which was dismissed by the trial court; Loveday appealed the dismissal of the post-conviction petition. The Tennessee Court of Criminal Appeals concluded that the post-conviction petition had been filed after the expiration of the one-year statute of limitation, and therefore dismissed the appeal for lack of jurisdiction. *Loveday v. State*, No. E2005-00336-CCA-R3-PC, 2005 WL 2099780 (Tenn. Crim. App. August 31, 2005). Loveday filed the pending federal habeas corpus petition on November 14, 2005.[1]

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Loveday's conviction became final on September 23, 2001, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is

---

[1] The petition was received by the Clerk's Office on November 16, 2005. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on November 14, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

2

tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal). He therefore had one year from September 23, 2001, within which to file his federal habeas corpus petition. Since Loveday's state post-conviction petition was dismissed as untimely, it was not a "properly filed" petition and thus could not extend the time for filing a habeas corpus petition in federal court. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005); *Israfil v. Russell*, 276 F.3d 768, 771-772 (6th Cir. 2001).

Loveday's petition for the writ of habeas corpus is barred by the statute of limitation. Since it plainly appears from the face of the petition that Loveday is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. A certificate of appealability **SHALL NOT ISSUE** in this action. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Loveday leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**AN APPROPRIATE ORDER WILL ENTER.**

                                       s/ Thomas W. Phillips
                                       United States District Judge